UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTHONY EUGENE LEWIS,

                    Plaintiff,

        v.

OTIS EUGENE LEWIS, *et al.*,

                    Defendants.

Case No. C21-1308-RSL-MLP

REPORT AND RECOMMENDATION

## I.    INTRODUCTION

This is a § 1983 civil rights action. Plaintiff Anthony Eugene Lewis ("Plaintiff") is currently confined at the King County Jail. On September 25, 2021, Plaintiff, proceeding *pro se*, filed an application to proceed *in forma pauperis* ("IFP") in the above-entitled action. (Dkt. # 1.) Plaintiff's complaint, though unclear, appears to generally allege violations of his Eighth and/or Fourteenth Amendment rights. (*See* dkt. # 1-1.) However, there are deficiencies concerning Plaintiff's IFP filing fee requirements and complaint submission. Having considered Plaintiff's submissions, the balance of the record, and the governing law, the Court recommends that Plaintiff's application to proceed IFP (dkt. # 1) be DENIED.

1

## II.   DISCUSSION

2      A review of the court records in this District reveals that at least four of the cases Plaintiff

3  has previously filed were dismissed as frivolous, or for failure to state a claim, and counted as

4  strikes under 28 U.S.C. § 1915(g). The Prison Litigation Reform Act's "'three-strikes' rule

5  prohibits a prisoner from filing an action [IFP] if he has accumulated three 'strikes' for prior

6  federal-court actions while incarcerated or in detention, unless he is 'under imminent danger of

7  serious physical injury.'" *Washington v. L.A. Cty. Sheriff's Dep't*, 833 F.3d 1048, 1051 (9th Cir.

8  2016) (quoting 28 U.S.C. § 1915(g)). "A prisoner can incur a 'strike' for bringing an action 'that

9  was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which

10  relief may be granted.'" *Id.* (quoting 28 U.S.C. § 1915(g)).

11      Relevant to this matter, the Court takes notice that in the most recent matter Plaintiff

12  brought in this Court, *Lewis v. King County, et al.*, Case No. C19-1601-RSM, the Honorable

13  Brian A. Tsuchida found Plaintiff had incurred more than three strikes. *See id.*, dkt. # 4. In that

14  case, Judge Tsuchida found:

15        A review of the Court's records reflects that at least three of the cases plaintiff has
16        filed while incarcerated were dismissed as frivolous or for failure to state a claim:
      [1] *Lewis v. United States Surgeon General*, C19-878-MJP (W.D. Wash.),
17        dismissed July 9, 2019; [2] *Lewis v. King County Department of Risk Management*,
      Case No. C18-1798-RSM (W.D. Wash.), dismissed February 22, 2019; [3] *Lewis*
18        *v. King County*, Case. No. C09-1039-RSL (W.D. Wash.), dismissed February 8,
      2010; [and 4] *Lewis v. Seattle Police Dep't*, Case No. C01-1246-JCC (W.D.
19        Wash.), dismissed January 23, 2002.

20        In addition, this court has previously determined that plaintiff has received at least
      three strikes for purposes of § 1915(g) and denied plaintiff IFP status as a
21        three-strikes litigant: [1] *Lewis v. King County*, Case No. C19-1295-MJP-MAT
      (W.D. Wash), recommendation of dismissal filed September 20, 2019; [2] *Lewis v.*
22        *King County*, Case No. C19-797-JCC (W.D. Wash.), dismissed July 12, 2019;
      [and 3] *Lewis v. Vail*, Case No. C10-267-RSL (W.D. Wash), dismissed May 11,
      2010.

23

1   *Id.*, dkt. # 4 at 2; *see also id.*, dkt. # 7 (adopting Report and Recommendation).

2        Because Plaintiff has accumulated more than three strikes, he may only proceed IFP if his

3   complaint contains "a plausible allegation that [he] faced imminent danger of serious physical

4   injury at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007)

5   (citations and internal quotations omitted); *see also id.* at 1050 n.11 (courts may reject assertions

6   of imminent danger that are conclusory and overly speculative). To show a danger that is

7   "imminent," a prisoner must plausibly allege that the danger is "ongoing." *Id.* at 1056. "A

8   prisoner who alleges that prison officials continue with a practice that has injured him or others

9   similarly situated in the past will satisfy the 'ongoing danger' standard and meet the imminence

10  prong of the three-strikes exception" *Id.* at 1056-57 (citations omitted).

11       Here, Plaintiff has not plausibly alleged "imminent danger" to proceed IFP. Plaintiff's

12  complaint appears to suggest that he is subject to ongoing danger due to "astral/rape/molestation"

13  that was the subject matter of previous complaints he filed in this Court in 2019. (Dkt. # 1-1 at

14  6-8.) Nevertheless, as found in his previous cases seeking relief for this phenomenon, this Court

15  is not convinced that Plaintiff's allegations of "astral rape" are sufficient to satisfy the imminent

16  danger exception to the § 1915(g) bar. S*ee Lewis*, Case No. C19-797-JCC, dkt. # 5 at 3-4; *Lewis*,

17  Case No. C19-1295-MJP-MAT, dkt. # 12 at 2; *see also Lewis v. Western State Hospital*, *et al.*,

18  Case No. C19-5946-BHS, dkt. # 5 at 7 (W.D. Wash). Furthermore, Plaintiff fails to acknowledge

19  his prior strikes and otherwise fails to articulate why he qualifies to file IFP based on "imminent

20  danger" resulting in this case. Consequently, this Court concludes that Plaintiff is ineligible to file

21  this lawsuit in federal court without paying the $350.00 filing fee plus a $52.00 administrative fee

22  (for a total of $402.00).

23

### III.    CONCLUSION

For the foregoing reasons, the Court recommends that Plaintiff's IFP application be denied under 28 U.S.C. § 1915(g). The Court further recommends that Plaintiff be directed to pay the filing fee within **thirty (30)** days of the date on which this Report and Recommendation is adopted, and that this action be terminated if Plaintiff fails to do so. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 29, 2021**.

The Clerk is directed to send copies of this order to the parties and to the Honorable Robert S. Lasnik.

Dated this 6th day of October, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4